# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:06CR00023 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ROY SILAS SHELBURNE**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Anthony P. Giorno, Assistant United States Attorney, and Michelle B. Brooks, Special Assistant United States Attorney, Roanoke, Virginia, for United States of America; Dennis E. Jones, Dennis E. Jones & Associates, P.C., Lebanon, Virginia, for Defendant.*

In this criminal fraud case, the defendant has filed motions in limine seeking the exclusion of 404(b) evidence and the severance of certain counts for trial. These motions will be denied.

I

The defendant, Roy Silas Shelburne, a dentist, is charged with various federal crimes arising out of an alleged scheme to defraud the government agencies that administer Medicaid by submitting bills for services that were not performed or were not medically necessary. These charges include racketeering (Count One), structuring transactions to evade financial reporting requirements (Count Two),

money laundering (Counts Three through Nine), and defrauding a health care benefit program (Count Ten). In addition, the United States seeks forfeiture of the defendant's property involved in or derived from these alleged illegal activities (Counts Thirteen through Fifteen).[1]

The defendant has denied these charges and has filed certain pretrial motions. In a hearing on February 4, 2008, I ruled on these motions, taking under advisement the defendant's Motion to Exclude 404(b) Evidence (Doc. No. 171) and his Motion to Sever Counts (Doc. No. 170). These motions are now ripe for decision.

II

DEFENDANT'S MOTION TO EXCLUDE 404(B) EVIDENCE.

The government seeks to admit evidence of improper tax deductions made by the defendant, testimony from other health care providers that the defendant performed procedures that were not medically necessary, and evidence of the defendant's lavish lifestyle—including purchases of an expensive home and automobiles, horses, and cruises—to demonstrate the defendant's motive of greed. The defendant argues that the government wants this evidence admitted, not for any proper purpose, but to show the defendant's character. I find that this evidence is

---

[1] Counts Eleven and Twelve have been dismissed on motion of the government.

admissible because it demonstrates motive and furnishes context for the charged crimes.

Under Federal Rule of Evidence 404(b), evidence or other crimes or acts "is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Such evidence is admissible under Rules 404(b) and 403 if it is (1) relevant to an issue other than character; (2) necessary "in the sense that it is probative of an essential claim or an element of the offense"; (3) reliable; and if (4) its probative value is not substantially outweighed by confusion or unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). "Evidence is necessary, even if it does not relate to an element of a charged offense, 'when it furnishes part of the context of the crime.'" *United States v. Smith*, 441 F.3d 254, 262 (4th Cir.), *cert. denied*, 127 S. Ct. 309 (2006). Evidence should only be excluded under Rule 403 if it is unfairly prejudicial—that is, if it is likely that the "emotions of the jury will be excited to irrational behavior"—and if this risk of unfair prejudice substantially outweighs the evidence's probative value. *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980).

Preliminary rulings on the admissibility of evidence are often made prior to trial in response to motions in limine filed by the parties. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 40-42 (1984). Such an evidentiary ruling in limine is advisory and can be modified at trial once all circumstances are revealed. *See, e.g.*, *In re Air Crash at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1071, 1074 (D.S.C. 1996).

Rule 404(b) evidence has been admitted to demonstrate lifestyle as a motive. *United States v. Chapman*, 209 F. App'x 253, 270-71 (4th Cir. 2006) (unpublished), *cert. denied*, 127 S. Ct. 2286 (2007). In *Chapman*, the defendant was charged with misconduct involving the public offering of his company's stock and improper use of business development funds. *Id.* at 257. The government's theory of the case was that the defendant needed money to support his lifestyle, which included providing gifts, trips, and meals for two mistresses and purchasing an expensive car and home for himself. *Id.* at 260-61, 270. On appeal, the defendant challenged Rule 404(b) evidence pertaining to his significant unpaid loans. The Fourth Circuit held that evidence of these loans was properly admitted as relevant to the question of motive, necessary because it was probative of motive and furnished part of the context of the crime; that it was reliable; and that its probative value was not substantially outweighed by unfair prejudice. *Id.* at 270-71. While evidence of the defendant's lifestyle was not directly at issue in *Chapman*, the opinion makes clear that such

evidence was admitted at trial. The government was permitted to present evidence that the defendant supported two mistresses with business development funds and used company credit cards to pay personal expenses. *Id.* at 271.

Outside of the Fourth Circuit, courts have held evidence of a lavish lifestyle admissible under Rule 404(b). *See, e.g.*, *United States v. Murray*, 152 F. App'x 492, 494-95 (6th Cir. 2005) (unpublished) (holding that evidence of defendant's lavish lifestyle—specifically, that he spent hundreds of thousands of dollars on travel, dining, and women, frequented strip clubs, and sometimes bought cars for the dancers—was relevant to his motive for bank fraud); *United States v. Powell*, 124 F.3d 655, 661 (5th Cir. 1997) (allowing evidence of defendant's generous patronage of topless bars and his expensive Cadillac to be admitted in the defendant's trial for tax evasion to show that defendant's motive was to support his extravagant lifestyle and to show that he was not of such modest means that he could not pay his tax bill); *United States v. Mitchelson*, No. 93-50279, 1995 WL 139227 at *1 (9th Cir. Mar. 29, 1995) (unpublished) ("Each instance of [the defendant's] lavish spending is relevant to proving motive . . . . Evidence that tends to show that a defendant is living beyond his means is of probative value in a case involving a crime resulting in financial gain." (internal quotations omitted)); *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995) (holding that evidence of defendant's purchase of an expensive

firearm, which added to his substantial debt and emptied his checking account, was admissible as relevant to his motive of greed). *But see United States v. Ewings*, 936 F.2d 903, 905-06 (7th Cir. 1991) (holding that evidence of defendant's lavish expenditures was not probative of motive, but was instead probative of participation in the crime).

Here, evidence that defendant Shelburne purchased an expensive home, automobiles, cruises, and horses is likely admissible under Rules 404(b) and 403. The government seeks to admit this evidence, not to prove any character trait of the defendant, but to demonstrate the defendant's motive—greed. This evidence is necessary because it is probative of the defendant's motive and it furnishes part of the context of the crime. The government's evidence will allegedly show that the defendant made improper tax deductions, lived lavishly, and emphasized the importance of money and bringing in new patients to his staff. It was within this context that the alleged fraudulent activities, which resulted in financial gain, took place. This evidence is presumably reliable as the purchase of houses, cars, cruises, and horses would involve documentation and disinterested agents and sellers. Finally, while this evidence of the defendant's lavish lifestyle may be damaging to the defendant's case, it is not likely to emotionally excite the jury and cause any

unfair prejudice against the defendant, particularly with appropriate caution to the jury.

DEFENDANT'S MOTION TO SEVER COUNTS.

The defendant has also moved to sever Counts Two and Fifteen (structuring transactions to evade the reporting requirement and related forfeiture) from the remaining counts. These counts were properly joined and, because the evidence of all the offenses likely would be admissible in separate trials, the defendant Shelburne will not be prejudiced by trying the offenses together.

Federal Rule of Criminal Procedure 8(a) permits very broad joinder of related counts in the same trial. *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). A defendant may be charged, in separate counts of an indictment, with multiple offenses if these offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). The Fourth Circuit interprets the second and third prongs of this rule flexibly, requiring only a "logical relationship" between the joined offenses. *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). "[T]he fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *United States v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000). The government argues that the activities

charged in Count Two and in the remaining counts constitute a common scheme or plan. Specifically, the government contends that the defendant made the transactions at issue in Count Two to hide his assets after learning of the government's investigation into the activities alleged in the remaining counts. Because the remaining counts provided the impetus for the structured transactions alleged in Count Two, these form a common scheme or plan and joinder is appropriate.

Federal Rule of Criminal Procedure 14 allows properly joined counts to be severed for trial to avoid prejudice to the defendant. Fed. R. Crim. P. 14(a). In determining whether severance is appropriate, the court must weigh prejudice to the defendant against interests in judicial process and efficiency. *United States v. Cousins*, No. 5:06CR00008, 2007 WL 419556 at *5 (W.D. Va. Feb. 1, 2007). "However, if evidence of all the offenses would be admissible in separate trials for legitimate purposes, under Federal Rule of Evidence 404(b), the defendant would not be prejudiced by trying the offenses together." *Id.* (citing *United States v. Hines*, 39 F.3d 74, 79 (4th Cir. 1994).

In Count Two, the defendant is charged with structuring a transaction to evade reporting requirements. To sustain the charge, the government must prove that the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000; that the defendant engaged in the structuring of a

- 8 -

currency transaction; and that the defendant acted with the intent to evade the reporting requirement. *See* Modern Federal Jury Instructions—Criminal § 50B.05 *Structuring a Currency Transaction* (2007). With respect to the element of intent, the defendant must have acted deliberately and purposefully, rather than as the result of mistake or accident. *Id.* The fact of intent may be established by circumstantial evidence, based upon the defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them. *Id.*

Evidence of the other crimes charged in the indictment, which constitute the surrounding circumstances, would most likely be admissible under Rule 404(b) to show the defendant's intent in so structuring the transactions at issue in Count Two. The fact that the defendant was allegedly involved in other fraudulent activity makes it more likely that the defendant would purposely structure such a transaction to avoid having financial information transmitted to the IRS. Thus, evidence of the other crimes is relevant. This evidence is also necessary in that it is probative of intent, an essential element of the offense charged in Count Two. Any prejudice to the defendant that may exist would not substantially outweigh the probative value of the other crimes evidence.

Further, as the government argues, evidence of the other crime alleged in Count Two is admissible under Rule 404(b), with respect to Counts One and Three through Fourteen, to show intent or absence of mistake. Evidence that the defendant began hiding assets by purchasing an expensive car in his daughter's name and doing so in a way that would avoid transmitting this information to the IRS makes it more likely that the defendant knowingly committed the crimes alleged in Counts One and Three through Fourteen, rather than his actions being the result of innocent mistakes. Intent is necessary with respect to the underlying racketeering activity alleged in Count One, as well as to prove money laundering to promote an unlawful purpose (Counts Three through Nine). Evidence pertaining to Count Two will likely be reliable as it will include the testimony of the disinterested car dealer. Finally, given the probative value of the evidence from Count Two in showing intent or absence of mistake with respect to the other charges, it is unlikely that there would be sufficient prejudice to the defendant to preclude admission of this evidence.

Because evidence related to all the Counts would be admissible in separate trials, refusal to sever Counts Two and Fifteen from the rest of the counts for trial would not result in prejudice to the defendant and would be appropriate under Federal Rule of Criminal Procedure 14.

III

For the reasons stated above, it is **ORDERED** as follows:

1. The defendant's Motion to Exclude 404(b) Evidence (Doc. No. 171) is conditionally DENIED; and

2. The defendant's Motion to Sever Counts (Doc. No. 170) is DENIED.

ENTER: February 21, 2008

/s/ JAMES P. JONES
Chief United States District Judge